# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

CRAIG A. BATTOE                                                 PLAINTIFF

v.                                                CIVIL ACTION NO. 5:18-CV-P82-TBR

TONYA RAY et al.                                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Craig A. Battoe filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner at the McCracken County Regional Jail (MCRJ). He names as Defendants the MCRJ and in their official capacities the following MCRJ employees: Jailer Tonya Ray; Captain Steve Carter; Lt. Trey English; Class-D Coordinator Arnie Puckett; and David Knight, internal affairs. His complaint alleges that he feels that he is not receiving "equal treatment due to bias from past incarceration." Plaintiff states that he believes that a disciplinary report that he received "could be a result in personal feelings due to past events." He states that he "put in a motion of transfer to another facility so I could be granted [the] same opportunity as others." He further states that although a state-court judge granted the motion to be transported to a state facility, he has "had no response." He also states that he believes that he is being "segregated and hindered from participating in work program and classes" due to prior contraband charges. Plaintiff alleges that if he were transferred to another facility he "could be

open to opportunity to better" himself. Finally, he asserts that as a state inmate he should not be under an "in-house-classification" due to his past behavior and prior conviction.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Equal-protection claim

Plaintiff alleges that he feels that he is not receiving equal treatment due to bias from a past incarceration; that he believes that a disciplinary report that he received "could be a result in personal feelings due to past events;" and that he believes that he is being "segregated and hindered from participating in work program and classes" due to prior contraband charges against him.

To sustain an equal-protection claim, Plaintiff must allege, in part, that Defendants intentionally discriminated against him because he was a member of a protected class, *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1424 (6th Cir. 1996), or that he was treated differently than similarly situated individuals. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff has not alleged that the alleged wrongful conduct was intentionally taken against him because of his membership in a protected class or that he was treated differently than similarly situated individuals. Therefore, Plaintiff's claim for relief for violation of the Equal Protection Clause is fatally flawed and will be dismissed.

### B. Desire for transfer, classes, and work program

Plaintiff alleges that he "put in a motion of transfer to another facility so I could be granted [the] same opportunity as others" but that he has not been moved. He further states that he believes that he is being "segregated and hindered from participating in work program and classes;" that if he were transferred to another facility he "could be open to opportunity to better"

himself; and that as a state inmate he should not be held under an "in-house-classification" due to his past behavior and prior conviction.

Plaintiff does not have a constitutional or state-created right to a particular security classification, *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983), or a right to be incarcerated at a particular facility. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995).

Further, there is no constitutional right to vocational or educational programs in prison. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (holding there is no right to rehabilitation or vocational classes). Nor does Plaintiff possess a right created by the Constitution to prison employment. *Rhodes*, 452 U.S. at 347-49; *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).

Accordingly, Plaintiff fails to state a claim related to denial of a transfer or access to classes or employment.

### III. CONCLUSION

For the foregoing reasons, this case will be dismissed by separate Order.

Date: November 6, 2018

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　McCracken County Attorney
4413.009

4